UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMIR KARIM BEIGALI,,

    Plaintiff,

vs.

UNITED STATES OF AMERICA

                                /

No. 07-20490

District Judge Lawrence P. Zatkoff

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court is Petitioner Amir Karim Beigali's Motion to Vacate Sentence Under 28 U.S.C. §2255 [Docket #69], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons that follow, I recommend that the Motion be DENIED.

    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Beigali was charged by indictment with attempted possession with intent to distribute five kilograms or more of cocaine, 21 U.S.C. §§ 841(a)(1) and 846 (Count I), and use of a firearm during and in relation to a drug offense, 18 U.S.C. §§ 924(c)(1)(A) and (C)(I) (Count II). Following a jury trial he was convicted as charged on August 21, 2008. He was sentenced to a 10-year mandatory minimum sentence for the Count I controlled substances charge, and mandatory minimum 25-year consecutive term on the Count II § 924(c) gun charge.[1]

The facts of this case are well-summarized in the Sentencing Opinion as well as

---

[1] The sentencing hearing was held on April 14, 2009. At that hearing, counsel for both parties were provided with the opportunity to a written Sentencing Opinion the Court had drafted. On April 15, 2009, Judge Zatkoff entered the written Sentencing Opinion [Doc. #44]. A Judgment in a Criminal Case was entered on April 23, 2009 [Doc. #45].

the Sixth Circuit's opinion affirming the conviction and sentence [Doc. #63]. A Drug Enforcement Administration ("DEA") informant provided information to the effect that Mr. Beigali had expressed interest in making a lot of money by selling drugs. The DEA then directed one Walter Ramirez to pose as a distributor of cocaine, and to place a recorded call to Mr. Beigali. There ensued a series of negotiations between Mr. Beigali and Mr. Ramirez centering on a five-kilogram deal, culminating in an agreement in which Mr. Beigali would give Mr. Ramirez three firearms and $10,000 for one kilogram of cocaine, and would owe Mr. Ramirez the money for the other four kilograms. The two met in a parking lot, ostensibly to complete this transaction, when DEA agents arrested Mr. Beigali. The agents found $10,000 in cash and three fully-loaded firearms in the trunk of Mr. Beigali's car.

Mr. Beigali unsuccessfully asserted an entrapment defense at trial. Prior to sentencing, his attorney filed a sentencing memorandum arguing for a downward departure from the Sentencing Guidelines range based on "sentencing entrapment." [Doc. #39]. The memorandum stated:

> "The undercover recordings and testimony demonstrated the numerous statements by the government trying to increase the drug quantity from one (1) kilogram to higher levels, up to five (5) kilograms. Also, the agents and cooperating witness induced the greater quantity of drugs by offering to 'front' some of the drugs so that they could sell (and thus defendant buy) more of the drug. This amounts to sentencing entrapment and should not be scored at the higher level, but at the initial level of one (1) kilogram. Likewise, the additional charges relating to the weapons resulted from the inducements by the government when it was clear that Mr. Beigali did not have enough money for even one (1) kilogram of cocaine." Doc. #39, p. 2.

In his Sentencing Opinion, Judge Zatkoff, citing Application Notes 12 and 14 of U.S.S.G. § 2D1.1, found that the Guidelines range for the drug offense "should be computed based on one kilogram of cocaine rather than five because that is the amount that Defendant could have afforded and that is the amount he tried to purchase initially."

Doc. #44, p. 7.  Therefore, the base offense level was set at 26 rather than 32, and the sentencing range was 92 to 115 months rather than 169 to 210 months.  *Id*.  However, the statutory mandatory minimum sentence required a term of at least 120 months.

However, Judge Zatkoff rejected the sentence manipulation argument with respect to the firearms charge.  "Although the firearms entered the discussion at the behest of the government's CI, Defendant actually acquired and transported them wit the intent to trade them, along with the cash, for cocaine.  The concerns surrounding the manipulation of drug quantities to impact sentencing do not exist in the context of firearms."  Doc. #44, p. 8.

On appeal, Mr. Beigali again raised a "sentencing entrapment" issue.  Rejecting that argument, the Court stated as follows:

> "In any event, the 'Sixth Circuit has already addressed sentencing entrapment and sentence manipulation after *Gall* [*v. United States,* 552 U.S. 38 (2007)] and reaffirmed that the Sixth Circuit does not recognize either defense.'  *United States v. Guest*, 564 F.3d 777, 781 (6th Cir. 2009)(citation omitted).  *See also United States v. Smith*, 358 Fed. App'x 634, 638 (6th Cir. 2009)('"Imperfect entrapment" was itself an imperfect theory of sentencing mitigation at its conception, and it has become more imperfect since.').
>
> "'Whatever the status of imperfect entrapment as a theory of sentencing mitigation, [Beigali] is wrong to say that the trial court refused to consider it.' *Smith*, 358 Fed. App'x at 638.  Indeed, the court agreed with Beigali's argument as to Count I and rejected the recommendation by the United States Probation Office that Beigali's base offense level be computed using the full five kilograms of cocaine, rather than the one kilogram which he then had the actual means to purchase. [R. 44 at 7] This was a hollow victory for Beigali, however, because the district court was constrained by the statutory minimum to sentence him to no fewer than ten years for that offense. [R. 44 at 8-9] *See United States v. Burke*, 237 F.3d 741, 745 (6th Cir. 2001) (absent exceptions not present here, district court has no discretion to depart downward from statutory minimum)."

In the present motion, Mr. Beigali claims that his attorney was constitutionally ineffective during plea negotiations because she did not raise the issue of sentencing entrapment.  Mr. Beigali alleges that his attorney negotiated a plea agreement wherein the

government would dismiss the gun charge in Count II, and Mr. Beigali would plead guilty to Count I, with a stipulation "that the drug sentence would have to be imposed under 'second offender' enhancement and career offender sentencing. Under these sentencing conditions Petitioner's Guideline range sentence would be 262 to 327 months." Memorandum in Support of Motion, Doc. #72, p. 3. Had he known about the possibility of a downward departure based on "sentencing entrapment," argues Mr. Beigali, he would have taken the deal, thereby preserving the opportunity for a sentence reduction. He also argues that his attorney was ineffective for not arguing for a sentence below the statutory minimum.

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the United States Constitution.  "[A] defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. U.S.* 157 F.3d 427, 430 6th Cir. 1998) (internal quotation omitted); *Gall v. United States,* 21 F.3d 107, 109 (6th Cir.1994).  To prevail under § 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir.2003).

## III.   DISCUSSION

The Sixth Amendment guarantees the accused in a criminal prosecution the right to the effective assistance of counsel. *Strickland* v. *Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* sets forth a two-part test for assessing claims of ineffective assistance.  First, did the attorney make errors "so serious that counsel was not

functioning as the counsel guaranteed by the Sixth Amendment," 466 U.S. at 687. To establish deficient performance under this prong of *Strickland*, the defendant must show that his attorney's representation "fell below an objective standard of reasonableness." *Id.*, at 688. The second prong of *Strickland* examines whether the defendant was prejudiced by counsel's deficient performance. To meet the prejudice standard, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. *Strickland* stated that an attorney is "strongly presumed" to have "rendered adequate assistance and made significant decisions in the exercise of reasonable professional judgment." *Id*. at 690.

At trial, at sentencing, on appeal, and in the present motion, Mr. Beigali has wed himself to the theory of sentencing entrapment. While it afforded him some benefit at sentencing–the mandatory minimum of 120 months that he received on the drug charge beats the 169 to 210-month range that was calculated on the basis of five kilograms–it gives him no solace in this motion.

First, the Sixth Circuit made clear in its opinion that it does not accept the defense of "sentence entrapment." Counsel's performance cannot be deemed deficient under the first prong of *Strickland* where she did not advise her client of a defense that the Sixth Circuit has disavowed.

In addition, the plea that was offered called for a sentence far in excess of a 10-year mandatory minimum, much less a sentence under the statutory minimum. Attached

to Mr. Beigali's memorandum [Doc. #72] is correspondence from his first attorney[2] outlining the terms of the proposed plea agreement. Counsel states that she sought a dismissal of the § 924(c) gun count, and a plea to the drug count using a one kilogram quantity, without a second drug offender enhancement. The government rejected that proposal. Instead, the government offered to drop the gun charge in exchange for a plea to the drug charge with a second offender sentencing enhancement. Noting that Mr. Beigali was a career offender based on prior convictions for robbery and drugs, counsel stated that the net Guidelines range would be 262 to 327 months, regardless of drug quantity. Counsel stated that "it does not look like we can get them to go any lower in terms of an offer." Given the terms of this offer, including dismissal of the gun charge with its 25-year mandatory minimum, the theory that Mr. Beigali would have been successful in obtaining any significant departure from the Guidelines is speculative at best.[3] Mr. Biegali's first attorney vigorously sought a favorable plea agreement and advised him consistent with the law. She was not ineffective.

Moreover, Mr. Beigali has not met the "prejudice" prong of *Strickland*. The plea offer memorialized in counsel's letter was proffered well before trial. In the interim, Mr. Beigali had the opportunity to research and fully inform himself as to the law of sentencing entrapment, one of his defenses at trial. Yet, he did not seek to reopen the previously rejected plea offer. He has presented nothing besides his self-serving

---

[2] This attorney withdrew. Mr. Beigali was appointed a second attorney with whom he was also dissatisfied. That attorney also withdrew, and he was appointed a third attorney.

[3] Counsel did inform Mr. Beigali that "the guidelines are no longer mandatory and we would be free to argue for something below the guidelines." Whether or not counsel specifically explained "sentencing entrapment," Mr. Beigali was at least aware of the possibility of a lower sentence. Moreover, at trial, he testified that he had researched and was aware of the law of entrapment.

speculation that he would have accepted a plea that stipulated to second offender enhancement and carried a Guidelines range of between almost 22 and 27 years if only his attorney had explained "sentencing entrapment."

In addition, as counsel explained in her letter, reducing the drug quantity from five kilograms to one kilogram would not have changed the Guidelines range of 262 to 327 months under the plea agreement, given Mr. Beigali's second drug offender and career offender status. At the sentencing in this case, Judge Zatkoff did not depart downward from a Guidelines range; rather, he recalculated the range based on what he found to be the true quantity for which Mr. Beigali was responsible. This is not a distinction without a difference. As is stood, a finding of a lesser quantity lowered the Guidelines range. Had he done the exact same thing under the proposed plea agreement, the Guidelines range would have remained unchanged, at a level unacceptable to Mr. Beigali. Again, he has not shown prejudice.

Mr. Beigali's contention that his later attorney was ineffective for not seeking a sentence below the statutory minimum is without merit. As both the sentencing judge and the Sixth Circuit pointed out, absent exceptions not present here, the Court absolutely no discretion to depart downward from the 10-year minimum. *See United States v. Burke*, 237 F.3d 741, 745 (6th Cir. 2001).

### IV.   CONCLUSION

For these reasons, I recommend that Petitioner Amir Karim Beigali's Motion to Vacate Sentence Under  28 U.S.C. §2255 [Docket #69] be DENIED.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further

right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen<br>R. STEVEN WHALEN<br>UNITED STATES MAGISTRATE JUDGE

Dated: November 15, 2013

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 15, 2013, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla for Michael Williams<br>Case Manager to the<br>Honorable R. Steven Whalen