UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,                        CASE NO.   07-20490
                                                        12-11424
v.                                      Hon. Lawrence P. Zatkoff

AMIR KARIM BEIGALI,

      Defendant-Petitioner.

_____/

**OPINION AND ORDER**

      AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on January 8, 2015

      PRESENT:  HON. LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

On January 22, 2014, the Court denied Defendant's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. Since then, Defendant has filed a Request to Alter or Amend Judgement/Motion for Reconsideration Pursuant to Rule 59(e) (hereinafter, "Motion to Reconsider") (Docket #86) and a Motion for Leave Requesting Permission to Supplement the Motion to Reconsider (hereinafter, "Motion to Supplement") (Docket #87).

**A. Motion to Supplement**

In the interests of justice and to fully consider all of Defendant's arguments, the Court will grant Defendant's Motion to Supplement. As such, in deciding Defendant's Motion to Reconsider, the Court has reviewed and considered the substantive arguments set forth by Defendant in both the Motion to Reconsider and the Motion to Supplement.

**B. Motion for Reconsideration**

The Court is not persuaded that Defendant has met his burden to prevail on a motion for reconsideration, which requires that:

> [T]he party bringing the motion for reconsideration must: (1) file the motion for reconsideration within [14] days of the Court's prior ruling; (2) demonstrate a palpable defect by which the court and the parties have been misled, and (3) demonstrate that "correcting the defect will result in a different disposition of the case."

*See* E.D. Mich. L.R. 7.1(h)(1) and (3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

First, Defendant's reliance on *United States v. Cortes*, 732 F.3d 1078 (9th Cir. 2013), *amended and superseded on rehearing on other grounds*, 757 F.3d 850 (9th Cir. 2014), and *Alleyne v. United States*, 133 S.Ct. 2151 (2013), is misplaced.  In each of those cases, the court held, in part, that juries, not judges, must resolve questions of fact that trigger or increase mandatory minimum sentences.  Defendant's § 2255 Motion, however, was based on ineffective assistance of counsel: (1) regarding plea negotiations, and (2) at sentencing and on appeal.  Neither *Cortes* nor *Alleyne* turns on ineffective assistance of counsel.  Moreover, the rules of law in both *Cortes* and *Alleyne* were decided more than four years after Defendant was convicted at trial and sentenced by this Court.  At the time Defendant's case was pending, as well as at the time of his trial and sentencing, however, the Sixth Circuit did not recognize the defense of "sentence entrapment" (as the Sixth Circuit made clear in its opinion affirming Defendant's conviction and sentence).  For the foregoing reasons, Defendant's counsel had no reason to raise the issues now argued by Defendant.  In other words, Defendant's counsel was not ineffective because she did not raise in 2007, 2008 or 2009 the issues now presented by Defendant.

Second, Defendant's arguments that his counsel allegedly rendered ineffective assistance of counsel with respect to the issue of entrapment are meritless.  The arguments

are largely the same as Defendant raised in — and the Court addressed when deciding — his § 2255 Motion.  More significantly, this Court and the Sixth Circuit previously addressed and rejected the substantive nature of Defendant's arguments regarding sentencing entrapment. For those reasons, the Court again concludes that Defendant's counsel cannot be deemed deficient under the first prong of *Strickland v. Washington*, 466 U.S. 668 (1984).

Therefore, although Defendant's Motion for Reconsideration was filed timely, the Court concludes that Defendant does not demonstrate any palpable defect: (a) by which the court and the parties have been misled, or (b) that, if corrected, would result in a different disposition of the case.   Accordingly, the Court denies Defendant's Motion for Reconsideration.

### C. Conclusion

For the reasons set forth above, the Court hereby ORDERS that Defendant's Motion to Supplement (Docket #87) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Reconsider (Docket #86) is DENIED.

IT IS SO ORDERED.

S/Bernard A. Friedman for
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 8, 2015