UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                         Criminal Case No. 07-20490

Amir Karim Beigali,             Sean F. Cox
                                                United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Amir Karim Beigali ("Defendant") was convicted of drug and firearm offenses. He is currently serving his sentence of imprisonment. The matter is before the Court on Defendant's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

**BACKGROUND**

In this criminal case, Defendant was charged with 1) attempt to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846 (Count I); and 2) use of a firearm during and in relation to a drug offense, in violation of 18 U.S.C. § 924(c) (Count Two). The matter was assigned to the Honorable Lawrence P. Zatkoff.

Defendant proceeded to a jury trial and the jury convicted Defendant on both counts. Judge Zatkoff sentenced Defendant to the statutory minimum of 120 months on Count I, and 25 years on Count II, to run consecutively.

Defendant filed a direct appeal. The United States Court of Appeals for the Sixth Circuit

affirmed in an unpublished decision issued on December 10, 2010. (ECF No. 63).

Defendant later filed a motion seeking to vacate his conviction under 28 U.S.C. § 2255, and subsequent requests to file second or successive applications for habeas relief, but did not obtain relief from any of those efforts. (*See* ECF No. 102).

On April 26, 2021, Defendant filed a *pro se* Motion for Compassionate Release. (ECF No. 103). Attached to Defendant's motion is a written response from Defendant's warden, stating that his request for a reduction in sentence "based on concerns about COVID-19" is denied. (ECF No. 103 at PageID.1487).

But Defendant's motion is not focused upon concerns about the ongoing novel coronavirus pandemic ("COVID-19") that have prompted numerous motions by Defendants over the past year and a half. Rather, the primary focus of Defendant's motion is his claim that "the circumstances surrounding his sentence which consists of two consecutively 'stacked' counts under 18 U.S.C. § 924(a) – con[s]tiute extraordinary and compelling reasons for his early release." (*Id*. at 1; *see also* page 7, setting forth circumstances that Defendant asks the Court to consider).

Defendant is now forty-four years old. He is currently housed at FCI Coleman – Low. Defendant's motion does not appear to claim that Defendant has any medical conditions that would place him at risk for serious symptoms of the virus, if he were to contract it

The Government opposes Defendant's motion, noting that Defendant has been offered the COVID-19 vaccine and has refused it, despite having no medical contraindications. It also states that, as of the date of its brief, "there are zero inmates positive for Covid 19 at FCI Coleman - Low." (Govt.'s Br. at 7). As such, it opposes the motion on its merits, asserting that

Defendant cannot establish extraordinary and compelling circumstances.

The Government also asserts that, to the extent that Defendant's motion focuses on challenging his lengthy sentence, that argument is foreclosed by *United States v. Jarvis*, 999 F.3d 442 (6th Cir. June 3, 2021).

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

"The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021).

The United States Court of Appeals for the Sixth Circuit has held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. §3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C.§3582(c)(1)(A).

*Elias,* 984 F.3d at 518.

At step one, a court must find whether "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1(A)(I).

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Jones, supra,* at 1108. (quoting 3582(c)(1)(A)) (emphasis added). But the Sixth Circuit has held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias, supra*, at 519. "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* That means that, "[u]ntil the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones, supra*, at 1109. Because Defendant's compassionate release motion was filed by an incarcerated person, this Court "may skip step two of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Id.*

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at 1109.

The Sixth Circuit has explained that, "in *granting* a compassionate-release motion, district courts must address all three steps." *Elias, supra*, at 519 (emphasis added). But it has also clarified that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id*.

4

(emphasis added).

### A. To The Extent That Defendant Seeks Compassionate Release Based Upon Concerns About COVID-19, The Motion Is Denied For Lack Of Merit.

Again, Defendant's motion seeking compassionate release does not focus on concerns about COVID-19. But Defendant's briefs do make references to the virus and the ongoing pandemic. (*See, eg.*, ECF No 115 at PageID.1678). To the extent that Defendant seeks compassionate release based upon concerns about COVID-19, the Court denies the motion for lack of merit.

This Court agrees with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

And notably, Defendant was offered the COVID-19 vaccination but declined it, despite having no known medical contraindications for the vaccine. (*See* ECF No. 114-2). In denying a request for compassionate release in a case with these same circumstances, the Honorable Robert H. Cleland explained:

> Defendant cannot establish that his conditions are exceptional and demand immediate release when he intentionally prevents the BOP from mitigating dangers to his health and safety. 18 U.S.C. § 3582(c)(1)(A). A prisoner cannot on the one hand point to the risk of severe illness, while on the other hand refuse to participate in basic precautionary measures such as vaccination. Allowing federal

prisoners to qualify for compassionate release by declining to receive a COVID-19 vaccine, without justification, would discourage prisoners from becoming vaccinated. The court is exceedingly hesitant to provide prisoners an incentive to increase their risk of contracting COVID-19 and developing severe symptoms. Such a result would be profoundly counter-productive and would militate against the ameliorative purposes of compassionate release. Denial of Defendant's request for release is warranted on this basis alone.

*United States v. Austin*, 2021 WL 1137987 at *2 (E.D. Mich. March 25, 2021). This Court agrees and concludes that Defendant's request should be denied on this basis.

**B.     To The Extent That Defendant's Motion Challenges The Length Of His Sentence, That Argument Is Foreclosed By *United States v. Jarvis.***

Again, the primary focus of Defendant's motion is his claim that "the circumstances surrounding his sentence which consists of two consecutively 'stacked' counts under 18 U.S.C. § 924(a) – con[s]tiute extraordinary and compelling reasons for his early release." (Def.'s Motion at 1).

The Government persuasively argues that Defendant's argument is foreclosed by United *States v. Jarvis*:

> Beigali does not present the typical compassionate release arguments. He alleges that Covid-19 is generally dangerous to him, but his primary focus is on challenging his lengthy sentence, which he claims constitutes an extraordinary and compelling reason in favor of release. A recent Sixth Circuit holding forecloses this argument. *United States v. Jarvis*,---F.3d — (6th Cir. June 3, 2021), 2021 WL 2253235. In *Jarvis*, the court relies on *United States v. Tomes* and holds that §3582(c)(1)(A) does not give district courts authority to "end runaround Congress's careful effort to limit the retroactivity of the First Step Act's reforms." Jarvis, at *2 (quoting *Tomes*, 990 F.3d 500, 505 (6th Cir. 2021)). Per the statute in 2009, Beigali's conviction of 18 U.S.C. §924(c) following a prior violent felony and previous §924(c) offense required a 300-month sentence, consecutive to the 120-month sentence for the drug trafficking offense. The First Step Act's subsequent change to §924(c)'s "stacking" provision was not retroactive, and §3582(c)(1)(A) does not permit the Court to treat such a non-retroactive amendment, "whether by themselves or together with other factors," as extraordinary and compelling justifications for a sentencing reduction. *Jarvis*, at *3.

(Govt.'s Br. at 2-3).

The Court agrees that Defendant's stacking argument is foreclosed by *United States v. Jarivs*. Defendant argues that if he were sentenced for the same offenses today, he would receive a lower sentence. As the Sixth Circuit noted in *United States v. Jarvis*, "[i]f every defendant who received a longer sentence than the one he would receive today became eligible for compassionate release, the balance Congress struck would come to naught." *United States v. Jarvis*, 999 F.3d at 444.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

        s/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: August 12, 2021