UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AMIR KARIM BEIGALI,

    Defendant.
_____/

Case No. 07-cr-20490

Hon. Sean F. Cox
United States District Court Judge

## OPINION & ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION (ECF No. 129)

Defendant Amir Beigali is currently serving a twenty-five-year statutory-minimum sentence of imprisonment. Beigali now moves the Court to reduce that sentence because, he says, recent amendments to the U.S. Sentencing Guidelines and his statute of conviction have created a disparity between the sentence he received and the sentence he would receive under current law. Because Beigali would still receive the same statutory-minimum sentence if he were sentenced today, the Court shall deny his motion.

## BACKGROUND

In 1997, Beigali was convicted of violating § 924(c) in the U.S. District Court for the Middle District of Florida, and he was sentenced for that conviction in October of that year. Corrected J., *United States v. Beigali*, No. 97-cr-00043 (M.D. Fla. Oct. 22, 1997), ECF No. 88. Beigali was subsequently convicted of attempting to violate federal drug laws, 21 U.S.C. § 846, and of possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c), in this case in 2008.[1] As relevant here, a statutory-minimum sentence applied to Beigali's § 924(c) conviction in this case.

---

[1] This case was originally assigned to District Judge Lawrence Zatkoff and was reassigned to the undersigned District Judge in 2015.

1

When Beigali was indicted in this case, § 924(c) prescribed a minimum twenty-five-year sentence "[i]n the case of a second or subsequent conviction under" § 924(c). 18 U.S.C. § 924(c)(1)(C) (2012). Section 924(c) also stated that "no term of imprisonment imposed on a person under [§ 924(c)] shall run concurrently with any other term of imprisonment imposed on the person." *Id.* § 924(c)(1)(C) (2012). Accordingly, in October 2009, the Court sentenced Beigali to twenty-five years for his § 924(c) conviction to be served after a ten-year sentence for his drug conviction.[2] Because over ten years have passed since Beigali was sentenced in this case, he has begun serving his sentence on his § 924(c) conviction.[3]

Beigali now moves the Court to reduce his sentence. Beigali's motion has been fully briefed and is ripe for review. For the following reasons, the Court denies Beigali's motion.

## ANALYSIS

Beigali moves to reduce his sentence under 18 U.S.C. § 3582(c)(2). That statute permits courts to reduce otherwise final sentences if two circumstances are met: (1) "the defendant 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission'"; and (2) "such reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Joiner*, 727 F.3d 601, 604 (6th Cir. 2013) (quoting § 3582(c)(2)). Beigali argues that the Court should reduce his sentence under that statute for two reasons, neither of which are persuasive.

---

[2] Beigali received a sentence of supervised release for his 1997 § 924(c) conviction and he was serving that sentence when he was convicted in this case. As such, the U.S. District Court for the Middle District of Florida sentenced Beigali to two-years' imprisonment for violating his supervised release conditions to be served consecutively to his sentences in this case. J. in a Criminal Case, *Beigali*, No. 97-cr-00043 (M.D. Fla. Nov. 16, 2009), ECF No. 156.

[3] Exactly when Beigali began serving his sentence on his § 924(c) conviction in this case is unclear.

I.     **Amendment 821**

First, Beigali points to Amendment 821 to the Guidelines, which became effective on November 1, 2023. U.S. Sent'g Comm'n, *Guidelines Manual: Supplement to Appendix C*, at 234–44 (2023) [hereinafter 2023 Guidelines Supplement]. As relevant here, the Guidelines assess points based on defendants' criminal histories, and such points can increase a defendant's guideline range. *See* U.S. Sent'g Comm'n, *Guidelines Manual* § 4A1.1 (2023) [hereinafter 2023 Guidelines]. Amendment 821 reduced the number of criminal-history points that are assessed to certain defendants. 2023 Guidelines Supplement, *supra*, at 234–36. Beigali argues that he would be assessed fewer criminal-history points under the Guidelines following Amendment 821 than he was assessed as sentencing.

Beigali might be right, but it does not matter. Any reduction under § 3582(c)(2) must comport with the Sentencing Commission's interpretation of the statute, and the Commission has instructed that defendants are not eligible for a sentencing reduction under the statute unless his or her "guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a))" would be lower following some amendment to the Guidelines than it was when he or she was sentenced. 2023 Guidelines, *supra*, § 1B1.10 cmt. n.1(A). And guideline 1B1.1(a) effectively states that the lower value of a defendant's guideline range may not exceed any applicable statutory-minimum sentences. *See id.* §§ 1B1.1(a)(8), 5G1.1(c)(2); *see also United States v. Joiner*, 727 F.3d 601 (6th Cir. 2013) (reaching the same conclusion regarding identical language in the 2007 Guidelines). Here, Beigali is currently serving a sentence for his § 924(c) conviction that, as discussed above, did not exceed the applicable statutory-minimum sentence. Accordingly, Amendment 821 did not affect Beigali's guideline range for the purposes of § 3582(c)(2), and thus he does not qualify for a sentencing reduction under that statute based on Amendment 821.

3

## II.     Amendment 814

Second, Beigali points to Amendment 814 to the Guidelines, which also became effective on November 1, 2023.  2023 Guidelines Supplement, *supra*, at 200–10.  As relevant here, § 3582(c)(2) is not the only statute that permits courts to reduce final sentences; another statute, § 3582(c)(1), also permits courts to reduce sentences if "extraordinary and compelling reasons warrant such a reduction."  § 3582(c)(1)(A)(i).  Relief under § 3582(c)(1) is called compassionate release.  Guideline 1B1.13 contains guidance from the Sentencing Commission on when courts should issue compassionate release, and Amendment 814 added a new situation that guideline that the Commission believes warrants compassionate release.  And that new situation is codified at guideline 1B1.13(b)(6).  *See* 2023 Guidelines, *supra*, § 1B1.13(b)(6).

Here, Beigali argues that he meets the circumstances detailed in guideline 1B1.13(b)(6). In this way, Beigali effectively seeks compassionate release under § 3582(c)(1) and not a sentencing reduction under § 3582(c)(2).  Thus, the Court shall evaluate whether Beigali qualifies for compassionate release under guideline 1B1.13(b)(6).  That guideline provides that courts should grant compassionate release if four conditions are met: (1) the defendant "received an unusually long sentence"; (2) the defendant "has served at least 10 years of the term of imprisonment"; (3) "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) . . . would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed"; and (4) "the defendant's individualized circumstances" do not otherwise militate against a reduction.  2023 Guidelines, *supra*, § 1B1.13(b)(6).

Beigali does not qualify for compassionate release under guideline 1B1.13(b)(6) because no changes to his statute of conviction have produced a disparity between the sentence that he received in 2009 and the sentence that he would receive today.  Beigali disagrees because, he

4

says, the First Step Act of 2018 created such a disparity. Recall that, when Beigali was indicted in this case, § 924(c) imposed a twenty-five-year minimum sentence for "second or subsequent [§ 924(c)] conviction[s]." 18 U.S.C. § 924(c)(1)(C) (2012). Following the First Step Act, that same minimum sentence now only applies to defendants whose § 924(c) offenses "occur[ed] after a prior [§ 924(c)] conviction *has become final*." *Id.* § 924(c)(1)(C) (2018) (emphasis added). But this change would not affect Beigali.

Beigali's prior § 924(c) conviction became "final" when he was sentenced for that offense in 1997. *See United States v. Richardson*, 948 F.3d 733 (6th Cir. 2020). Thus, Beigali would still qualify for a minimum twenty-five-year sentence for his § 924(c) conviction in this case even if the Court sentenced him anew under current law. Accordingly, guideline 1B1.13(b)(6) does not apply to Beigali, and he does not qualify for compassionate release under its provisions.[4]

## CONCLUSION & ORDER

Beigali is not entitled to relief under § 3582(c)(2) because Amendment 821 did not affect his guideline range for the purposes of that statute. And Beigali is also not entitled to compassionate release under guideline 1B1.13(b)(6) because he identifies no change in law that created a disparity between the sentence he received and the sentence he would receive if he were sentenced anew under current law. Accordingly, **IT IS ORDERED** that Beigali's motion (ECF No. 129) is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 25, 2024    s/Sean F. Cox
                            Sean F. Cox
                            U. S. District Judge

---

[4] The Court expresses no opinion on the Government's alternative arguments, namely, that the First Step Act cannot be applied retroactively to Beigali by its own terms and that guideline 1B1.13(b)(6) exceeds the Sentencing Commission's congressional mandate.